IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAKARA VESTER, | § | |
| | § | No. 417, 2019 |
| Counterclaim Plaintiff Below, | § | |
| Appellant, | § | Court Below–Court of Chancery |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. 7229-VCG |
| HENLOPEN LANDING | § | |
| HOMEOWNERS ASSOCIATION, INC., | § | |
| and PREMIER POOL AND PROPERTY | § | |
| MANAGEMENT, LLC, | § | |
| | § | |
| Counterclaim Defendants Below, | § | |
| Appellees. | § | |

Submitted: October 2, 2020
Decided: October 15, 2020

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

### O R D E R

After careful consideration of the notice to show cause and the responses thereto, it appears to the Court that:

(1)     The appellant, JaKara Vester, filed this appeal *pro se* from the Court of Chancery's post-trial decision in an action involving the enforcement of deed restrictions and alleged violations of the Delaware and Federal Fair Housing Acts. On February 28, 2020, Vester filed an eighty-page opening brief. An opening or answering brief of an unrepresented party without access to a word processing

program cannot exceed thirty-five pages without leave of the Court.[1]  An opening or answering brief filed by a party with access to a word processing program may not exceed 10,000 words without leave of the Court.[2]  Vester's opening brief was stricken for exceeding the thirty-five-page limit, and she was directed to re-file a new opening brief not to exceed thirty-five pages in length by April 2, 2020.  This deadline was extended to July 2, 2020, as a result of the judicial emergency declared in response to the COVID-19 pandemic.

(2)   On July 2, 2020, Vester filed an eighty-five-page opening brief including a certificate of compliance,[3] in which she maintained that the brief complied with the type-volume limitation of Rule 14(d)(i).  The appellees Henlopen Landing Homeowners Association, Inc. and Premier Pool and Property Management, LLC ("the Appellees") moved to strike Vester's opening brief under Rule 34.  The Appellees argued, among other things, that Vester had falsely certified that her opening brief contained less than 10,000 words.  We agreed with the Appellees and granted the motion to strike.  We declined to dismiss her appeal, however, and allowed Vester to file an opening brief of no more than 10,000 words

---

[1] Del. Supr. Ct. R. 14(d)(iii).
[2] Del. Supr. Ct. R. 14(d)(i).
[3] Under Rule 14(d)(ii), any brief subject to Rule 14(d)(i) must include a certificate of compliance that the brief complies with the 14-point Times New Roman typeface requirement of Rule 13(a) and the word count requirements of Rule 14(d)(i).

in compliance with Rule 14(d)(i)—along with a certificate of compliance under Rule 14(d)(ii)—by August 4, 2020.

(3)     On August 3, 2020, Vester filed a sixty-three-page opening brief. She also filed a certificate of compliance, in which she maintained that the brief complied with the type-volume limitation of Rule 14(d)(i). The Appellees moved to strike Vester's opening brief under Rule 34, arguing that the word count contained in Vester's certificate of compliance was misleading because Vester had omitted appropriate spacing between punctuation and words. The Appellees asserted that when the spacing errors were corrected, the actual word count of Vester's opening brief exceeded 10,000 words. In her response, Vester denied any knowledge of spacing errors contained in her third opening brief. On August 25, 2020, the Court granted the Appellees' motion to strike Vester's brief for her failure to comply with Rule 14(d)(i) and directed her to file an opening brief of no more than 10,000 words in compliance with Rule 14(d)(i)—along with a certificate of compliance under Rule 14(d)(ii)—by September 16, 2020. The Court also advised Vester that if she filed another opening brief that failed to comply with the requirements of Rule 14(d), a notice to show cause as to why her appeal should not be dismissed for her failure to

comply with the Court's rules.[4]

(4)　　On September 15, 2020, Vester filed her *fourth* opening brief.  The sixty-two-page brief again omitted appropriate spacing between words and punctuation marks, resulting in a misleading word count. The Court struck Vester's brief for non-compliance with the Court's rules.  On September 16, 2020, the Court issued a notice to Vester to show cause why her appeal should not be dismissed for her repeated failure to comply with the Court's rules.

(5)　　On September 28, 2020, Vester filed a response to the notice to show cause arguing that the Court should not dismiss her appeal because—among other things—she is proceeding *pro se*, her appeal concerns the protection of civil rights, and her failure to comply with the Court's rules was inadvertent.  Vester also filed— for the first time—a motion to extend the type-volume limitation of Rule 14.  The Appellees oppose the motion to extend the type-volume limitation of Rule 14 and argue that Vester's appeal should be dismissed.

(6)　　We agree with the position taken by the Appellees.  The Court allowed Vester three opportunities to resubmit her opening brief and comply with the type-

---

[4] In the August 25, 2020 order, we noted that a word processing program's spell-check function will flag many spacing errors. Also, by way of illustration and for Vester's benefit, we inserted appropriate spacing in a paragraph from Vester's third opening brief that contained spacing errors.

volume limitation of Rule 14. She has, for the fourth time, failed to do so. Accordingly, we conclude that her appeal must be dismissed.

NOW, THEREFORE, IT IS HEREBY ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED. The motion for leave to extend the type-volume limitation is moot.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice